Judge Nicholas
d- ave oil the opinion of 1h- conr'.
After the ohtentiou of the judgment bv Grundy against Edwards, mentioned in the opinion just delivered, the latter filed his bill, with injunction against said judgment, praying a specific enforement of the contract, and that Gr truly might he compelled to take a conveyance of the moiety of the tan yard in satisfaction of his judgment. On final hearing, the court decreed, pursuant to the prayer of the bill, and to reverse the decree, Grundy prosecutes this appeal.
Grundy made his answer a cross bill, and among other grounds relied on for resisting a specific performance of the contract, states, that as an inducement to him to make the purchase of Edwards, the latter agreed that lie would not ere< t or carry on a tan yard in tlie town of Vlorgaufield or county of Union. That, in violation of this agreement, he had shortly after the sale erected, and ever since carried o i, a tan yard in Morganfield, in the immediate vicinity of the one sold to Grundy, and to the great prejudice and injury of the latter To this matter thus set up in the cross bill, Edwards demurred, and the court sustained the demurrer, adjudging such matter impertinent and irrelevant.
Covenant not to carry on a ar or county, valid. — - ^,a“ta]|“ breach, and specific per-^®y to one*" has vioit.
f ^dTo^^ble complainant to withdraw and
Reversal of .judgment at 0"£0 geeks^peoifi ° of the °°"* Amoves that’ to granting relief*
Brown, for appellant ; Crittenden, for appellee.
We have taken a very different view of it. No principle is better settled than that a man may lawfully contract not to carry on his trade or business in any particular town or county, and for a breach of such contract, he will be compelled to make ach equate cempensation. Applications to the chancellor for the specific enforcement of contracts are ways addressed to his discretion, and he will rarely, if ever, in the exercise of that discretion, extend relief, in such cases, to any one who has wilfully violated an essential part of the agreement which constituted an inducement to the purchase. We think the probable prejudice, likely to ensue to Grundy, from a breach of this part of the agreement, a troling circumstance of sufficient importance to duce the withholding from Edwards the relief he seeks. But as it would be manifestly unjust towards him, to. act upon the record in its present attitude, the cause must be sent back, and an opportunity afforded him to answer the cross bill. Should he swer and deny the ‘alleged agreement, it must made out by-satisfactory proof according to chancery rule.
Grundy having reversed his judgment, and thereby waived the advantage he held in that particular at filing of the bill, it has become unnecessary for uS to determine, whether the circumstance of his having obtained a judgment and rescission of the tract at law, would have precluded Edwards from obtaining a specific performance. That obstacle out of the way, there is no proper ground left for ing it, unless the matter set up in the cross bill shoukl turn out as alleged.
Decree reversed, and cause remanded, with directions for further proceedings consistent herewith. Appellant must recover his costs.